## El Pueblo v. Padró Et Al.

Apelación procedente de la Corte de Distrito de Mayagüez.

No. 19.—Resuelto en Junio 27, 1903.

Delitos Misdemeanors—Apelación.—Las sentencias dictadas en las causas por delitos calificados como *misdemeanor*, no son apelables para ante el Tribunal Supremo.

Id.—Cuando un acusado sea condenado á pena de multa solamente, el delito debe reputarse *misdemeanor* para todos los efectos después de dictada sentencia, y por consiguiente, ésta no es apelable para ante el Tribunal Supremo.

### EXPOSICIÓN DEL CASO.

En el recurso de apelación que ante Nos pende, interpuesto por Isaac Padró y Felipe Reyes contra sentencia dictada en causa del Tribunal de Distrito de Mayagüez seguida á los mismos por delito contra el derecho electoral.

*Resultando:* que en dicha sentencia, dictada en 2 de Mayo último en juicio celebrado ante Jurado, se declaró probado que el día 14 de Octubre del año próximo pasado, Isaac Padró, Felipe Reyes y Serafin Agostini presidían la mesa del Precinto 27 del pueblo de Añasco, con objeto de hacer las inscripciones para las elecciones generales que debían tener lugar en esta Isla el 4 de Noviembre del propio año, y en ese día se presentó ante ellos con ánimo de inscribirse el individuo Bernabé Perez, quien hacía más de seis meses vivía en un barrio de dicho término municipal, y á quien los Jueces Isaac Padró y Felipe Reyes, que son los acusados se negaron á inscribir, por lo que habiéndose retirado el expresado Bernabé Perez, regresó más luego presentando á dichos Señores una declaración jurada ante Notario, en que hacía constar que tenía derecho á ser inscrito como elector, debidamente capacitado por saber leer y escribir, no obstante lo cual, nuevamente le fué negada la inscripción, no habiendo podido por tal motivo dar su voto Bernabé Perez el día 4 de Noviembre citado.

*Resultando:* que pronunciado por el Jurado veredicto de culpabilidad, con recomendación de suma clemencia, el

THE PEOPLE *v.* PADRÓ ET. AL.

APPEAL from the District Court of Mayagüez.

No. 19.—Decided June 27, 1903.

STATEMENT OF THE CASE.

The jury brought in a veredict of guilty, recommending extreme clemency, and Isaac Padró and Felipe Reyes were sentenced by the presiding judge to pay a fine of one hundred dollars and each to pay half the costs.

Juez Presidente del juicio candenó á Isaac Padró y Felipe Reyes á cien dollars de multa y al pago de las costas por mitad.

*Resultando:* que contra esta sentencia se interpuso por el abogado defensor de los acusados recurso de apelación que le fué admitido; y sin que se hubiera formalizado el recurso, lo impugnó el Fiscal por escrito y oralmente; habiéndolo sostenido en el acto de la vista la representación de los recurrentes.

Abogado del apelante: *Sr. Rossy ( Manuel F. )*

Abogado del apelado: *Sr. del Toro, Fiscal.*

EL JUEZ ASOCIADO SR. HERNANDEZ, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal.

*Considerando:* que el artículo 345 del Código de Enjuiciamiento Criminal establece que cualquiera de las dos partes en un proceso criminal en prosecución de un delito muy grave *(felony)*, puede apelar ante la Corte Suprema, siempre que la apelación verse sobre una cuestión de derecho, y los artículos 347 y 348 del mismo Código, al enumerar las resoluciones contra las cuales procede dicho recurso, hacen caso omiso de las dictadas en causas menos graves ó misdemeanor, por lo que es obvio que ya se atienda al texto literal del mencionado artículo 345, ya á la regla de interpretación *inclusio unius est exclusio alterius*, solo cabe recurso de apelación en las causas por *felony*, máxime si se tiene en cuenta que en el Código de Enjuiciamiento Criminal del Estado de California, del que en gran parte ha sido tomado el actualmente vigente en esta Isla, aquél recurso se dá expresamente tanto en las causas por *felony* como en las por *misdemeanor*, de lo cual se colige que al no hacerse mención en el artículo 345, ya citado, del recurso de apelación en las causas por *misdemeanor*, no fué otra la intención del legislador que la de negar semejante beneficio en tales causas.

*Considerando:* que condenados como han sido Isaac Padró y Felipe Reyes á cien dollars de multa cada uno de ellos, el

From this judgment counsel for defendants took an appeal, which was allowed and without its having been perfected, the appeal was opposed by the *Fiscal*, both by brief and argument, and was sustained at the hearing by counsel for appellants.

*Mr. Manuel F. Rossy*, for apellants.

*Mr. del Toro, Fiscal*, for respondent.

MR. JUSTICE HERNÁNDEZ, after making the above statement of facts, delivered the opinion of the court as follows:

delito de que son responsables debe reputarse *misdemeanor*, con arreglo al artículo 14 del Código Penal, y por tanto es improcedente el recurso de apelación admitido por el Tribunal de Mayagüez.

*Considerando:* que siendo improcedente dicho recurso, esta Corte Suprema carece de jurisdiccion para conocer del mismo, quedando en su consecuencia subsistente la sentencia dictada.

*Fallamos:* que debemos declarar y declaramos no haber lugar al recurso de apelación admitido á los acusados Isaac Padró y Felipe Reyes, con las costas á cargo de los mismos; y remítase copia certificada de esta sentencia al Tribunal de Mayagüez para la ejecución y cumplimiento de la dictada en 2 de Mayo último.

Jueces concurrentes: Sres. Presidente, Quiñones y Asociados, Figueras y MacLeary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.